**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **LAST SHADOW, LLC,** | § | |
| | § | |
| ***Plaintiff*****,** | § | |
| | § | |
| **v.** | § | **No. 6:25-CV-00456-LS** |
| | § | |
| **WIND RIVER AVIATION, LLC, INTERNATIONAL AIRCRAFT MARKETING & SALES LLC,** | § § § | |
| | § | |
| ***Defendants*****.** | § | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant International Aircraft Marketing & Sales, LLC ("IAMS") moves to dismiss Plaintiff Last Shadow, LLC's complaint under Federal Rule of Civil Procedure Rule 12(b)(2) for lack of personal jurisdiction. The Court referred the motion to the Honorable Dan MacLemore for report and recommendation, who recommended that the Court deny the motion. The Court overrules IAMS's objections and adopts the report and recommendation.

## I. FINDING OF SPECIFIC PERSONAL JURISDICTION.

The Magistrate Judge found sufficient minimum contacts for the Court to exercise specific personal jurisdiction over IAMS. For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] The Magistrate Judge's finding that IAMS is not subject to general jurisdiction in Texas is undisputed.

[1] Fed. R. Civ. P. 72(b)(3).

### *A. The Helicopter's Initial Location.*

IAMS's objection to a finding of specific personal jurisdiction centers largely on the helicopter's location before IAMS began dealings with Plaintiff. The Magistrate Judge found that IAMS "advertised a helicopter located in Texas for sale to anyone who might see the listing."[2] It was therefore predictable that the subsequent negotiations, contract, and continuing support after the transaction would occur in Texas with a Texas buyer. "It should not be a surprise when a party that actively facilitates the sale of property is sued in the place where the property was located."[3] IAMS now argues the helicopter was in Oklahoma before the parties executed their lease. But the complaint alleges "IAMS . . . has at all times used or operated said helicopter in Texas,"[4] and IAMS's motion to dismiss appeared to accept the assertion as fact.[5] Plaintiff made the same assertion in its response brief,[6] and IAMS's reply again seemed to accept it.[7] IAMS argued before the Magistrate Judge only that its contacts were nevertheless insufficient to establish personal jurisdiction, and it cannot now raise an issue it did not raise before the Magistrate Judge.[8]

---

[2] ECF No. 14 at 7.
[3] *Id.*
[4] ECF No. 1-3 at 2.
[5] ECF No. 8 at 6 ("The location of Last Shadow and the helicopter is merely fortuitous."); *id.* at 12 ("Plaintiff Last Shadow alleges in a conclusory manner that 'at all times relevant to this action IAMS's contacts with Plaintiff occurred in Texas.' . . . These allegations are Plaintiff-focused—they are based on where Last Shadow was located and where it negotiated and took possession of the helicopter."); *id.* at 14 ("Rather, Last Shadow's purported Texas 'hook' is that it and the Helicopter are located in Texas, which are not sufficient to establish specific jurisdiction over IAMS.").
[6] ECF No. 9 at 11 ("[T]he Unairworthy Rotorcraft has at all times relevant to this dispute been solely maintained, used, and stored within Texas.").
[7] ECF No. 11 at 1 ("It was Last Shadow who sought out a replacement helicopter to lease and it is merely fortuitous that Last Shadow and the helicopter it was interested in, which is movable by nature, are located in Texas.").
[8] *See Parrott v. Comm'r S.S.A.*, 914 F. Supp. 147, 149 (E.D. Tex. 1996) ("[P]arties may be barred from presenting legal theories before the district judge that they failed to raise in the first instance before the magistrate judge." (citing *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate . . . . Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."))).

***B. Sufficient Minimum Contacts.***

IAMS further argues that "even if these facts have been established . . . they are not sufficient to establish specific jurisdiction" because "mere communications with a forum resident generally do not confer sufficient minimum contacts."[9] IAMS is correct that "mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support . . . specific personal jurisdiction."[10] But courts have found sufficient contacts when "the forum state was 'clearly the hub of the parties' activities.'"[11] This transaction was centered entirely in Texas, and the seller performed its obligation to deliver the helicopter in Texas. IAMS's activity also exceeded mere contract formation and communication with a Texas resident. It "advertised a helicopter located in Texas for sale" and "continued to offer support to the Texas party after executing the transaction, going so far as to offer to sign an NDA with the Texas party 'to show [IAMS's] loyalty to assisting [the Texas party's] company.'"[12] IAMS therefore purposefully availed itself of the privileges of doing business in Texas, and its contacts support the exercise of specific personal jurisdiction.

***C. Fair and Reasonable Exercise of Personal Jurisdiction.***

IAMS also objects to the finding that it is fair and reasonable for the Court to assert jurisdiction over IAMS. "Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of

---

[9] ECF No. 15 at 6.
[10] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004).
[11] *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 312–13 (5th Cir. 2007) (quoting *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1008–09 (5th Cir. 1982)).
[12] ECF No. 14 at 7. IAMS argues that it did not actually execute an NDA, but the Magistrate Judge raised the potential NDA because IAMS's desire to "show loyalty to assisting" a Texas company suggests it purposefully availed itself of the privileges of doing business in Texas beyond one sale. He did not find that an NDA exists.

jurisdiction is unfair and unreasonable. The defendant must make a 'compelling case.'"[13] IAMS argues, in part, that exercising jurisdiction is unfair because its contacts do not support jurisdiction to begin with, which the Court has already addressed above.

IAMS then contends that its burden to litigate in Texas is higher than Last Shadow's would be in Florida, and that it is "unreasonable to suggest that IAMS could be haled into any state where a party to a brokered transaction . . . or the subject matter of the transaction is located."[14] The Magistrate Judge reviewed five factors to decide whether this Court can fairly subject IAMS to its jurisdiction and found all five in favor of exercising jurisdiction. The Court agrees that "other than the burden of traveling to litigate in Texas, IAMS has not shown any compelling reason as to why . . . it would be unfair or unreasonable, and the Court does not find the burden of travelling from Florida so overwhelming that it outweighs all else."[15] On the briefing before the Magistrate Judge, IAMS advertised property in Texas for sale, contracted with a Texas buyer, and contemplated an ongoing relationship with the Texas buyer. It could therefore expect any litigation concerning the transaction to occur in Texas. "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown,"[16] and IAMS has not made a compelling case to carry its burden of showing that exercising jurisdiction would be unfair and unreasonable.

## II. FAILURE TO RULE ON OBJECTIONS TO PLAINTIFF'S EVIDENCE.

Finally, IAMS objected, in its reply brief only, to many of Plaintiff's exhibits, arguing noncompliance with 28 U.S.C. § 1746's requirements for unsworn declarations, hearsay, failure to establish the declarant's knowledge, and relevance. For non-dispositive matters, "[t]he district

[13] *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (citation omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).
[14] ECF No. 15 at 12.
[15] ECF No. 14 at 15.
[16] *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[17] The Magistrate Judge did not address the objections, but "the general rules of evidence concerning admissibility (*e.g.*, the rule against hearsay etc.) do not apply in the Rule 12(b)(2) context"[18] and are "not relevant at this stage of the proceedings."[19] An "adverse jurisdictional ruling at the pre-trial stage d[oes] not foreclose . . . defendant[s] from holding [a plaintiff] to its ultimate burden at trial of establishing contested jurisdictional facts by a preponderance of the evidence"[20] subject to the Federal Rules of Evidence. The hearsay rule may be relevant at this stage if the "statements are 'directly contradicted by defendants' affidavits,'"[21] but IAMS did not make that argument. The Magistrate Judge appropriately withheld judgment on objections irrelevant to the motion before him.

To the extent this analysis does not apply to the statutory requirements for sworn declarations, IAMS cites § 1746(1) for declarations made "without the United States," which must include the phrase "under the laws of the United States of America."[22] The declaration at issue was "executed within the United States,"[23] and therefore only needs to include the language in § 1746(2). As IAMS notes, the declaration "states at the end that 'I declare under penalty of perjury that the foregoing is true and correct,'"[24] as § 1746(2) requires.

---

[17] Fed. R. Civ. P. 72(a).
[18] *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 968 (S.D. Tex. 2018).
[19] *Id.* (quoting *Cantu v. TitleMax, Inc.*, No. 5:14-cv-628, 2015 WL 4526987, at *2 (W.D. Tex. July 23, 2015)).
[20] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 399 (5th Cir. 2009).
[21] *Head v. Las Vegas Sands*, 298 F. Supp. 3d at 968 (quoting *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (brackets omitted)).
[22] 28 U.S.C. § 1746(1).
[23] *Id.* § 1746(2); *see also* ECF No. 9-1 at 5 ("Executed in Harris County, Texas . . . .").
[24] ECF No. 11 at 2.

## III. CONCLUSION.

Defendant International Aircraft Marketing & Sales, LLC's objections to the report and recommendation of the Magistrate Judge are **OVERRULED**. The Court **ADOPTS** the report and recommendation and **DENIES** Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction [ECF Nos. 8 & 15].

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 22, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**